[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

_____

No. 20-13910
Non-Argument Calendar

_____

D.C. Docket No. 1:18-cv-04931-CAP

UNITED STATES OF AMERICA,

Plaintiff-Appellee,

versus

BARRY D. EDWARDS,

Defendant-Appellant.

_____

Appeal from the United States District Court
for the Northern District of Georgia

_____

(April 21, 2021)

Before ROSENBAUM, LAGOA, and BRASHER, Circuit Judges.

PER CURIAM:

Barry Edwards appeals the district court's decision to grant summary

judgment to the government on its complaint to recover outstanding trust-fund

recovery penalties that the Internal Revenue Service ("IRS") assessed against Edwards. These penalties relate to taxes that Edwards's company, Aegis Films, Inc., withheld from its employees' wages but failed to remit to the government, for the taxable periods ending between June 2005 and March 2007. The district court found that Edwards was personally liable under 26 U.S.C. § 6672 because he had a duty to pay over the taxes but willfully failed to do so. On appeal, Edwards argues that, while he was responsible for paying the taxes, he did not act willfully. After careful review, we affirm.

## I.

Edwards is Aegis's president and sole shareholder. At all relevant times, David Anthony was Aegis's treasurer and accountant. In that role, Anthony prepared and signed Aegis's quarterly federal tax returns (Form 941) and paid over any taxes due to the government.

For the eight quarterly tax periods ending from June 30, 2005, through March 31, 2007, however, Aegis failed fully to pay over the taxes withheld from its employees' wages in trust for the government. In July 2007, an IRS employee visited Aegis's Richmond, Virginia, office, where Anthony worked, to discuss the unpaid "trust fund" taxes. Anthony then notified Edwards of the unpaid taxes.

Aegis made payments towards the unpaid taxes from July to September of 2007, and later made three payments in 2012, but those payments did not fully satisfy

2

any of the eight quarters of trust-fund tax liabilities. Edwards also engaged a tax attorney to try to negotiate an installment agreement with IRS, but sometime in 2008, the negotiations ended without an agreement. Meanwhile, Edwards continued to operate Aegis, which required it to pay employee wages, rent, utility bills, loan repayments, and suppliers for materials.

The IRS ultimately assessed eight trust-fund recovery penalties against Edwards under 26 U.S.C. § 6672 in the total amount of $263,977.86. In September 2012, Edwards requested a collection due-process hearing. The IRS issued a final notice of determination regarding that request in February 2013. Several years later, in September 2017, Edwards submitted a request to pay the penalties in installments, but the IRS denied it.

## II.

In October 2018, the government sued Edwards in federal district court to reduce to judgment the assessed trust-fund recovery penalties for the eight tax quarters between June 2005 and March 2007. After discovery, the government filed a motion for summary judgment, which the district court granted.

In the government's view, Edwards was individually liable because he was a "responsible person" who willfully failed to pay over trust-fund taxes from Aegis's employees' wages for the eight tax periods at issue. He was a responsible person, according to the government, because he had sufficient control over Aegis's

3

operation to have paid the trust-fund taxes.  And he acted "willfully," the government asserted, because after he learned about the unpaid taxes, he continued to operate Aegis without paying the tax debts.

In opposing summary judgment, Edwards admitted that he was a responsible person, but he contended he was not personally liable because he did not act willfully.  His failure to pay was not willful, he claimed, because he reasonably relied on Anthony to pay the taxes, he did not learn of the failure to pay until July 2007, he corrected the problem going forward, and he promptly attempted to set up an installment payment plan after learning of the delinquent taxes.

The district court granted the government's motion for summary judgment. The court explained that § 6672 subjects to personal liability "(1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." *Thosteson v. United States*, 331 F.3d 1294, 1298–99 (11th Cir. 2003).  Because Edwards conceded that he was a "responsible person" required to collect and pay over payroll taxes to the government, the "only issue before the court [was] whether the defendant willfully failed to do so."  As to that question, the court noted that "willful" conduct did not require a bad motive and that a person acts "willfully" under § 6672 if he "has knowledge of payments to other creditors after [he] becomes aware of the failure to remit the withheld taxes." *Id.* at 1300.  The court reasoned that Edwards acted willfully because he continued to

4

operate the business after he learned of the unpaid taxes in July 2007, including by signing checks for payments to employees and creditors while the unpaid amounts to the government remained unsatisfied.  Edwards now appeals.

## III.

"We apply the same summary judgment standard in tax cases as we do in other areas of law."  *United States v. Stein*, 881 F.3d 853, 857 (11th Cir. 2018) (*en banc*). We review the grant of summary judgment *de novo*, viewing the evidence and drawing all reasonable inferences in favor of the nonmoving party.  *Amy v. Carnival Corp.*, 961 F.3d 1303, 1308 (11th Cir. 2020).

## IV.

Employers are required to withhold income tax and Social Security tax from employees' pay.  26 U.S.C. §§ 3102(a), 3402(a).  The employer must report and remit the withholdings quarterly and in the meantime must hold them in a "special fund in trust for the United States."  *See* 26 U.S.C. § 7501(a).  No segregation of these funds is required, though, so the funds "can be a tempting source of ready cash to a failing corporation."  *Slodov v. United States*, 436 U.S. 238, 243 (1978).  When employees' withheld taxes are not paid over to the government, "the IRS has recourse only against the employer for their payment."  *Id.*

Under § 6672, the IRS may impose penalties against "[a]ny person required to collect, truthfully account for, and pay over any tax imposed by this title who

willfully fails to collect such tax, or truthfully account for and pay over such tax." 26 U.S.C. § 6672(a).    In other words, § 6672 "imposes liability upon (1) a responsible person (2) who has willfully failed to perform a duty to collect, account for, or pay over federal employment taxes." *Thosteson*, 331 F.3d at 1298.

"A person is responsible within the meaning of § 6672 if he has a duty to collect, account for, or pay over taxes withheld from the wages of a company's employees." *Id.* at 1299.  "Responsibility is a matter of status, duty and authority, not knowledge." *Id.*  Edwards admits he is a responsible person under § 6672.

But Edwards objects to the characterization of his conduct as "willful."  He explains that he did not know about the unpaid taxes until July 2007, that he corrected the problem going forward, and that he promptly and repeatedly attempted to enter into an installment agreement with the IRS, going so far as to hire a tax attorney to help secure such an agreement.

In this Circuit, "the willfulness requirement of § 6672 is satisfied if the responsible person has knowledge of payments to other creditors after he becomes aware of the failure to remit the withheld taxes." *Thosteson*, 331 F.3d at 1300.  No proof of fraudulent conduct or bad motive is necessary.  *Id.*  Once a responsible person becomes aware of unpaid taxes in past quarters also within his responsibility, he has "a duty to use all 'unencumbered funds' available to the corporation to pay those back taxes." *Id.* at 1300–01; *Mazo v. United States*, 591 F.2d 1151, 1157 (5th

Cir. 1979) ("[O]nce [the responsible persons] were aware of the liability to the government, they were under a duty to ensure that the taxes were paid before any payments were made to other creditors.").[1] This duty extends to "any unencumbered funds acquired" after the responsible person becomes aware of the tax obligation. *Thosteson*, 331 F.3d at 1301. And the financial state of the business does not excuse compliance. *See id.* ("Even giving Thosteson the benefit of the doubt, that he was merely paying other creditors in order to keep the company going and preserve its ability to repay the tax debt, he is still liable under the law of this Circuit."); *Thibodeau v. United States*, 828 F.2d 1499, 1506 (11th Cir. 1987) ("[T]he government cannot be made an unwilling partner in a business experiencing financial difficulties."). "If the responsible person fails to use such unencumbered funds to satisfy the past unpaid liability, he is deemed personally liable for the taxes that went unpaid in the past while he was responsible." *Thosteson*, 331 F.3d at 1301

Here, the district court correctly granted summary judgment in favor of the government based on the undisputed facts in the record. Edwards admits he was a responsible person under § 6672 both before and after Aegis's tax liability accrued. Even assuming he reasonably relied on Anthony to pay Aegis's trust-fund taxes, he

---

[1] This Court adopted as binding precedent all Fifth Circuit decisions prior to October 1, 1981. *Bonner v. City of Prichard*, 661 F.2d 1206, 1209 (11th Cir. 1981) (*en banc*).

became aware of the unpaid taxes in July 2007.[2]  From that point forward, he had a duty to use all unencumbered funds available to the company, including after-acquired funds, to pay those back taxes.  *See Thosteson*, 331 F.3d at 1300–01; *Mazo*, 591 F.2d at 1157.  Instead of using after-acquired funds to pay the delinquent taxes, however, it is undisputed that Edwards kept running Aegis, which required it to pay employee wages, rent for office space, utility bills, loan repayments, and suppliers for materials.[3]  By paying these other creditors before paying the unpaid trust-fund taxes, with knowledge of the tax liability, Edwards acted "willfully" under our precedent as a matter of law, even if "he was merely paying other creditors in order to keep the company going."  *Thosteson*, 331 F.3d at 1301; *see Williams v. United*

---

[2] Edwards suggests that he did not act willfully because he reasonably relied on Anthony to pay the payroll taxes, citing the Sixth Circuit's decision in *Byrne v. United States*, 857 F.3d 319 (6th Cir. 2017), which concerned a "reasonable cause" exception to § 6672(a) liability.  But under the law of this Circuit, once Edwards became aware of the tax obligation, he had a duty to satisfy that obligation and could not evade responsibility by delegating the job to Anthony.  *See Mazo*, 591 F.2d at 1157.  Moreover, as both *Byrne* and our decision in *Thosteson* indicate, the reasonable-cause exception would not apply in this case.  *See Byrne*, 857 F.3d at 329 (stating that the exception does not apply "to those who, under the circumstances, failed to take reasonable steps to ensure payment of trust-fund taxes after having received notice that those taxes were not being paid"); *Thosteson*, 331 F.3d at 1301 ("No such defense may be asserted by a responsible person who knew that the withholding taxes were due, but who made a conscious decision to use corporate funds to pay creditors other than the government.").

[3] Edwards bore "the burden of disproving willfulness," *Williams v. United States*, 931 F.2d 805, 810 (11th Cir. 1991), including proving that funds "were encumbered or otherwise restricted so that they were unavailable for payment of withholding taxes."  *Mazo*, 591 F.2d at 1156 n.2 (noting that "[t]he taxpayers neither alleged nor offered any evidence that these funds were encumbered or otherwise restricted so that they were unavailable for payment of withholding taxes.").  He did not meet that burden here.

*States*, 931 F.2d 805, 810 (11th Cir. 1991) (responsible person acted willfully by paying employee wages instead of the government).

We are not persuaded that Edwards's pursuit of an installment payment agreement with the IRS makes any difference. Unlike the taxpayer in *Gann v. United States*, 128 Fed. Cl. 394, 409 (Fed. Cl. 2016), Edwards did not reach an agreement with the IRS to cover the liability for certain tax periods and make all payments required by that agreement. So unlike in *Gann*, we have no basis to conclude here that the taxpayer reasonably believed that the tax obligation had been met. *See id.* at 409–10 & n.20 ("Nor can we say that he was later aware of the failure to pay for these quarters and then failed to use all unencumbered funds to meet the obligation."). Moreover, Edwards's testimony reflects that the installment agreement negotiations broke down in 2008. So even if we assume that Edwards's duty to use all unencumbered funds to satisfy the tax obligation was suspended while he pursued an installment agreement, the duty kicked in again once the negotiations broke down. But as we've already noted, Edwards continued to run Aegis and pay other creditors, making his failure to pay the government willful under binding precedent.

For these reasons, we affirm the district court's judgment finding Edwards personally liable for trust fund recovery penalties under § 6672(a).

**AFFIRMED.**

9